IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| CRAIG DILLON | § | |
|---|---|---|
| | § | |
| Plaintiff, | § | JURY DEMAND |
| | § | |
| v. | § | Civil Action No. 2:15-cv-225 |
| | § | |
| THE LINCOLN NATIONAL LIFE | § | |
| INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |

# COMPLAINT

COMES NOW, Plaintiff, Craig Dillon, and makes the following representations to the Court for the purpose of obtaining relief from Defendant's refusal to pay long term disability (LTD) insurance benefits due under an insurance contract.

## JURISDICTION AND VENUE

1. This Court's jurisdiction is invoked pursuant to 28 U.S.C. § 1332, as all parties to this action are citizens of different States, and the amount in controversy exceeds $75,000.

2. Venue is proper within the Eastern District of Tennessee as the district in which the breach took place.

## PARTIES

3. Plaintiff, Craig Dillon, (hereinafter "Plaintiff"), is, and was at all relevant times, a resident of Sullivan County, Tennessee.

4. Defendant Lincoln National Life Insurance Company (hereinafter "Lincoln"), is an insurance company authorized to transact the business of insurance in this state, and may be served with process through the Commissioner of the Tennessee Department of Commerce and

Insurance, 500 James Robertson Parkway, Suite 660, Nashville, Tennessee 37243-1131.

5. Defendant Lincoln is the party obligated to pay benefits and to determine eligibility for benefits under Group Long Term Disability Policy No. 000010107849, issued by Lincoln to LPL Financial Corporation.

## FACTS

### I. The Policy

6. Plaintiff was an independent contractor financial advisor associated with LPL Financial Corporation ("LPL"), operating as Dillon Financial, LLC, in Kingsport, Tennessee.

7. LPL is an organization of independent financial advisors.

8. LPL offers certain group benefits to the independent financial advisors associated with LPL, including long-term disability benefits.

9. Through his association with LPL, Plaintiff purchased covered under Group Long Term Disability Policy No. 000010107849, issued by Lincoln to LPL (the "Policy").

10. At no time was Plaintiff ever an employee of LPL.

11. No employees of LPL are covered under the Policy.

12. LPL's provision of insurance to various independent financial advisors and their staff constitutes a Multiple Employer Welfare Arrangement, as defined by ERISA § 3(40), 29 U.S.C. § 1002(40).

13. Because the Policy does not cover any employees of LPL, it was not "established or maintained" by an employer or employee organization so as to create an ERISA employee welfare benefit plan.

14. Because Plaintiff did not cover any of his own employees under the Policy, he did not "establish or maintain" an employee welfare benefit plan.

15. Plaintiff's claims for disability insurance benefits under the Policy are not governed by ERISA.

## II. Plaintiff's Disability Claim

16. Plaintiff was unable to continue working as a financial advisor beyond August 4, 2011 due to depression and related psychological diagnoses.

17. Plaintiff submitted a claim for benefits under the Policy to Lincoln in November of 2012.

18. Plaintiff's application for benefits was accepted by Lincoln for consideration.

19. Lincoln investigated Plaintiff's claim, and denied it by letter dated February 21, 2013.

20. Plaintiff appealed this denial, through counsel, by letter dated August 19, 2013.

21. Plaintiff's appeal was supported by a statement from his doctor indicating his inability to function as a financial advisor due to the symptoms of his major depressive disorder.

22. By letter dated October 10, 2013, Lincoln denied Plaintiff's appeal.

23. Plaintiff appealed again by letter dated April 8, 2014, submitting with that appeal further statements from Mr. Dillon's doctors in support of his claim.

24. Lincoln denied Plaintiff's second appeal on May 21, 2014, stating in its denial letter that although its file reviewers had not examined Mr. Dillon or spoken to him, they had determined that the restrictions assessed by his treating doctors were unwarranted.

25. Lincoln's May 21, 2014 letter stated that it was a "final denial" of Plaintiff's claim, and that no further appeals would be considered.

26. Plaintiff applied for Social Security disability benefits on March 21, 2013.

27. Plaintiff's Social Security claim was denied, and Plaintiff requested a hearing on that claim on January 2, 2014.

28. Plaintiff appeared and testified at the hearing on his Social Security disability claim on

October 8, 2014, and appeared at a second hearing on that claim on March 20, 2015.

29. Plaintiff's claim for Social Security disability benefits was denied by the Administrative Law Judge on April 9, 2015, based on a finding that Plaintiff was unable to perform his own occupation as a financial advisor, but was able to perform other kinds of work.

30. Under the Lincoln policy, a claimant need only be unable to perform his own occupation to receive benefits for up to 24 months.

31. On July 8, 2015, Plaintiff submitted the Social Security denial decision to Lincoln, asking Lincoln to reconsider whether Plaintiff was entitled to at least 24 months of Policy benefits.

32. By letter dated July 24, 2015, Lincoln informed Plaintiff that it was unwilling to consider any additional appeals of his claim, and would not review the Social Security decision at all.

33. Lincoln would pay any benefits due out of its own funds.

34. Lincoln was under a perpetual conflict of interest because the benefits would have been paid out of its own funds.

35. Lincoln allowed its concern over its own funds to influence its decision-making.

## COUNT I
## BREACH OF CONTRACT FOR FAILURE TO PAY
## LONG TERM DISABILITY INSURANCE BENEFITS

36. Plaintiff has suffered and continues to suffer from a Disability as defined in the Policy and/or as defined under Tennessee state law.

37. Plaintiff has complied with all Policy provisions and conditions precedent to qualify for benefits prior to filing suit.

38. Defendant, under the terms of the contract of insurance, is indebted to Plaintiff for the disability benefits due under the terms of the Policy.

39. Defendant has failed and refused to honor its common law and contractual obligations under the policy of insurance that was issued for the benefit of Plaintiff.

40. Defendant breached its contract with Plaintiff to provide all disability benefits due to him.

41. Defendant breached its contract by failing to timely pay disability benefits owed to Plaintiff, by failing to reasonably consider the medical assessments of Plaintiff's healthcare providers, and by further engaging in actions which resulted in the lack of a fair, thorough and objective review of the claim.

42. As a direct and proximate result of Defendant's actions in handling this claim, Plaintiff has suffered, and continues to suffer, monetary loss and damages.

## COUNT II
## STATUTORY BAD FAITH FAILURE TO PAY CLAIM
## UNDER T.C.A. § 56-7-105

43. At all times relevant to the matters alleged herein, Defendant was under a duty to use good faith in the handling of Plaintiff's claim.

44. Plaintiff's claim for benefits is due and payable and Plaintiff's timely application constitutes a formal demand for payment.

45. Defendant has failed or refused to pay benefits.

46. Defendant ignored or refused to adequately consider the evidence and medical opinions in Plaintiff's claim.

47. Defendant acted in bad faith in interpreting the Policy to allow the Plaintiff to perform his own occupation when the evidence showed that Plaintiff is unable to do so.

48. There is no genuine issue as to Defendants' liability under the policy and Defendants are unreasonably denying payment of Plaintiff's claim.

49. Defendant acted in bad faith in denying benefits to Plaintiff.

50.     Plaintiff properly notified Defendant of his intent to seek bad faith penalties if her claim was not approved, with written reference to Tennessee Code Annotated Section 56-7-105 and the provisions thereof, more than 60 days before the filing of this complaint.

51.     Defendant did not comply with Plaintiff's demand for payment of this claim, and in fact has affirmatively refused to reconsider the claim since the demand letter was sent.

52.     As a direct and proximate result of Defendant's actions in handling this claim, Plaintiff has suffered, and continues to suffer, economic losses, including attorneys' fees, litigation expenses, and other economic losses.

53.     Because Defendant did not act in good faith in denying Plaintiff's claim for benefits, Defendant is liable under Tennessee Code Annotated Section 56-7-105(a) for additional damages in an amount up to 25% of liability.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that this Court grant Plaintiff the following relief in this case:

**On Plaintiff's First Cause of Action**:

1.     That the Court enter judgment in favor of Plaintiff and against Defendant on Count I and that the Court order the Defendant to pay disability income benefits to Plaintiff in an amount equal to the contractual amount of benefits to which he is entitled for the time period that he has been disabled and entitled to benefits as defined in the Policy.

2.     That the Court order the Defendant to pay Plaintiff pre-judgment interest on all benefits that have accrued prior to the date of judgment.

3. That the Court enter judgment in favor of Plaintiff and against Defendant and that the Court order the Defendant to pay the amount of any future contract benefits that the Plaintiff would receive had the contract been honored by the Defendant.

4. That, should the Court order future benefits be paid on a periodic basis under the Policy, the Court order the Defendant to pay benefits under the claim so long as the Plaintiff remains disabled and that the Court order the Defendant to refrain from continuing to engage in unlawful conduct in the handling of this claim.

**On Plaintiff's Second Cause of Action**:

5. That the Court find that the Defendant has acted in bad faith in the handling of Plaintiff's claim.

6. That the Court order Defendant to pay an additional 25% of the liability determined for its bad faith handling of the claim, pursuant to Tennessee Code Annotated § 56-7-105(a).

Plaintiff further demands a jury to hear his case.

Dated this 21st day of August, 2015.

Respectfully submitted,

ERIC BUCHANAN & ASSOCIATES, PLLC
ATTORNEYS FOR PLAINTIFF

BY: *s/Jeremy L. Bordelon*
Jeremy L. Bordelon (#28181)
R. Scott Wilson (#19661)
Rachael V. Pas (#31257)
414 McCallie Avenue
Chattanooga, Tennessee 37402
(423) 634-2506
(423) 634-2505 (fax)